# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| ASIAN FOOD & GIFTS OF CHATTANOOGA, INC.; | : <br> : CASE NO.: <br> : |
| **Plaintiff,** | : <br> : |
| v. | : <br> : |
| HARTFORD CASUALTY INSURANCE COMPANY, | : <br> : |
| **Defendant.** | : <br> : |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Hartford Casualty Insurance Company ("Hartford"), files this Notice of Removal of this action from the Chancery Court for Hamilton County, Tennessee, wherein it was pending as Case No. 16-0495, to the United States District Court for the Eastern District of Tennessee, Southern Division. In support of this removal, Hartford states as follows:

## INTRODUCTION

This action involves a dispute over Hartford's alleged refusal to participate in an appraisal process and Hartford's alleged denial of a claim for storm damage.

This Court has subject matter jurisdiction over the instant case under 28 U.S.C. § 1332. Complete diversity of citizenship exists because Plaintiff and Hartford are citizens of different states. The amount in controversy is easily satisfied as Plaintiff seeks a judgment in excess of $138,000. Hartford timely removed this action in accordance with 28 U.S.C. § 1446(b)(3). Accordingly, jurisdiction in this Court is proper.

## BASIS FOR REMOVAL

1. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court because there is complete diversity of citizenship between Plaintiff and Hartford, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**I. Complete Diversity of Citizenship Exists.**

2. Defendant Hartford is incorporated under the laws of the State of Indiana, with its principal place of business in Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Hartford is a citizen of Indiana and Connecticut.

3. Asian Food is incorporated under the laws of the State of Tennessee, with its principal place of business in Tennessee. Pursuant to 28 U.S.C. § 1332(c)(1), Asian Food is a citizen of Tennessee.

4. Given that Plaintiff is a citizen of a different state than the Defendant, complete diversity exists.

**II. The Case Is Removable Under 28 U.S.C. § 1446(b)(3).**

5. While 28 U.S.C. § 1446(b)(1) states that a notice of removal shall be filed within 30 days of receipt by the defendant of the initial pleading, the "30–day period in § 1446(b)(1) starts to run only if the initial pleading contains 'solid and unambiguous information that the case is removable.' " *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (citations omitted).

6. "If the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable." *Id.*

7. Plaintiff's initial complaint was not removable because it was impossible for Hartford to discern that the amount in controversy exceeded the jurisdictional minimum.

8. Hartford, therefore, served discovery requests on the Plaintiff in state court to ascertain the amount-in-controversy in this action.

9. Plaintiff served its interrogatory responses on April 28, 2017, which state that Plaintiff seeks actual damages in the amount of $138,840.00. *See* Exhibit B; *see also Berera*, 779 F.3d at 364 (citing Charles Alan Wright et al., 14C Federal Practice and Procedure § 3731 (4th ed. 2009) and noting that "as a general matter, 'documents such as deposition transcripts, answers to interrogatories and requests for admissions, . . . amendments to ad damnum clauses of complaints, and correspondence between the parties and their attorneys or between the attorneys' may constitute 'other papers' under § 1446(b)(3)").

10. Thus, the earliest date on which Hartford could ascertain that this case was one which could be removed was April 28, 2017.

11. This notice of removal is filed within 30 days of April 28, 2017 and is timely under 28 U.S.C. § 1446(b)(3).

**III. The Amount in Controversy Exceeds $75,000.**

12. In addition to establishing diversity of citizenship among the parties, the removing party must also prove that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." *See* 28 U.S.C. § 1332(a)(1).

13. Plaintiff's interrogatory responses state that Plaintiff seeks actual damages in this action in the amount of $138,840.00. (*See* Ex. B).

14. Because Plaintiff seeks actual damages in excess of $75,000 the amount in controversy is easily met.

## IV. All Other Removal Prerequisites Have Been Satisfied.

15. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within the required thirty days of Hartford's receipt of other paper from which it could ascertain that the case is removable. Attached as Exhibit A are copies of all pleadings and documents contained in the state court file and all documents served on Hartford.

16. Defendant seeks no similar relief with respect to this matter.

17. Venue is proper in this district under 28 U.S.C. § 1446(a), because this district and division embrace the place in which the removed action has been pending.

18. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19. A Notice of Filing Notice of Removal, with a copy of the Notice of Removal attached, will be filed with the Court Clerk for the Chancery Court of Hamilton County, Tennessee. Attached hereto as Exhibit C.

20. Written notice of the filing of the Notice of Removal was given to the adverse parties as required by law.

21. Attached and marked as Exhibit A are true and correct copies of all summonses served on Defendant in this action, and the related notices of service of process.

22. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Eastern District of Tennessee and this cause is removable to the United States District Court for the Eastern District of Tennessee.

23. If any questions arise with regard to the propriety of the removal of this action, Defendant requests the opportunity to present a brief, oral argument, and/or conduct jurisdictional discovery in support of its position that this case is removable.

Respectfully submitted this 22nd day of May, 2017.

                                                s/ William B. Wahlheim, Jr.
                                                William B. Wahlheim, Jr.
                                                TN Bar # 31582

                                                Attorneys for Defendant Hartford Casualty
                                                Insurance Company

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999
wwahlheim@maynardcooper.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to the following on this 22nd day of May 2017:

Robert W. Sauser
LAW OFFICES OF ROBERT W. SAUSER
300 Forest Avenue, Suite C
Chattanooga, Tennessee 37405
Telephone: 423.535.9387

Counsel for Plaintiff

                                               *s/ William B. Wahlheim, Jr.*
                                               Of Counsel