# EXHIBIT A

 CT Corporation

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:** **Process Served in Tennessee**

**FOR:** Hartford Casualty Insurance Company  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ASIAN FOOD & GIFTS OF CHATTANOOGA, INC., Pltfs. vs. Hartford Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter(s), Alias Summons, Return(s), Complaint, Attachment(s) |
| **COURT/AGENCY:** | Hamilton County Chancery Court, TN
Case # 160495 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/29/2016 postmarked on 08/26/2016 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | On or before 30days after service of this Summons and Complaint upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Robert W..Sauser
LAW OFFICES OF ROBERT W. SAUSER
300 Forest Avenue, Suite C
Chattanooga, TN 37405-3977
423-535-9387 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/30/2016, Expected Purge Date: 09/04/2016

Image SOP

Email Notification, Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM

Email Notification, Massimo Fraschilla  Massimo.Fraschilla@thehartford.com

Email Notification, Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
800 S. Gay Street
Suite 2021
Knoxville, TN 37929-9710
216-802-2121 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



$ 07.57⁰
AUG 26 2016
02 1M
000 4292826
MAILED FROM ZIP CODE 37243
UNITED STATES POSTAGE
PITNEY BOWES

FIRST CLASS

7015 0640 0007 0045 1723          08/24/2016
HARTFORD CASUALTY INSURANCE COMPANY
800 S. GAY STREET, STE 2021  C/O CT CORPC
KNOXVILLE, TN  37929

CERTIFIED MAIL

7015 0640 0007 0045 1723

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

7049428

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

August 24, 2016

Hartford Casualty Insurance Company                  Certified Mail
800 S. Gay Street, Ste 2021   C/O Ct Corpo           Return Receipt Requested
Knoxville, TN  37929                                 7015 0640 0007 0045 1723
NAIC # 29424                                         Cashier # 27583

Re:    Asian Food & Gifts Of Chattanooga, Inc.   V.   Hartford Casualty Insurance Company

       Docket # 16-0495

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served August 23, 2016, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Hamilton County
    201 East Seventh Street, Rm 300
    Chattanooga, Tn  37402

# State of Tennessee

## IN THE CHANCERY COURT FOR HAMILTON COUNTY

Asian Food & Gifts of Chattanooga, Inc.,
#### PLAINTIFF

VS.                                                             **DOCKET NO. 16-0495**

Hartford Casualty Insurance Company,
#### DEFENDANT

# ALIAS SUMMONS

TO:     Hartford Casualty Insurance Company

WHOSE ADDRESS IS:  **Serve through Tennessee Commissioner of Insurance, 500 James**

**Robertson Parkway, Davy Crockett Tower, Nashville, TN 37243-0565.**

OTHER SERVICE INFORMATION: _____

_____

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this 18 day of August , 2016.

**ROBIN L. MILLER, CLERK & MASTER**

By: _____
        **DEPUTY CLERK & MASTER**

Robert W. Sauser                    006217
Plaintiff's Attorney                 BPR#

300 Forest Avenue, Suite C
Address

Chattanooga, TN 37405

_____

423.535.9387            423.468.2599
Tel. No.                    Fax No.

**A TRUE COPY**
**ROBIN L. MILLER, Clerk & Master**
Chancery Court, Hamilton County, Tennessee
This 18 day of August 2016
By: _____ DC&M

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I

☐ served this summons and a complaint on defendant, _____
(Date)                                             (Date)

(Printed Name of Defendant)

in the following manner:

_____

_____

_____

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____    _____
Process Server Name (Printed)         Process Server Signature

_____
Address

_____

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| ASIAN FOOD & GIFTS OF CHATTANOOGA, INC., | ) |
| | ) |
| Plaintiff, | ) Docket No. 16-0495 |
| | ) |
| vs. | ) |
| | ) Part _____ |
| HARTFORD CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiff, Asian Food & Gifts of Chattanooga, Inc., by and through undersigned counsel, would show this Honorable Court as follows with respect to its Complaint for declaratory and injunctive relief:

1.     The Plaintiff is a Tennessee for-profit corporation doing business in Hamilton County, Tennessee.

2.     The Defendant, Hartford Casualty Insurance Company, is an Indiana corporation licensed to do business in Tennessee, and actively doing business in Hamilton County, Tennessee. The Defendant may be served through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, Tennessee, 37243-0565.

3.     At all times material to this action, there existed between the parties a policy of property and casualty insurance under policy number 01-SBA-NB8177 (the "Policy"), by which the Defendant insured the Plaintiff against certain property and casualty losses. Excerpts of the Policy material to this action are attached to this Complaint as Exhibit A. The Policy declarations are attached as Exhibit B.

1

16 JUL 27 PH 3: 15

FILED
HAMILTON CO CLERK & MASTER

4.     On 02 August 2014 a storm (the "August storm") occurred in and around the location of the insured property (the "Property"), as a result of which the property sustained damage.

5.     In early January 2015 Plaintiff made a claim against his policy with the Defendant for damage to the Property caused by the August storm.

6.     The Defendant agreed that the August storm had caused some damage to the Property but disagreed with the Plaintiff as to the amount of the loss.

7.     Section E-2 of the Specialty Property Coverage Form (Form SS 00 07 07 05) provides, in material part: "If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss." The Policy goes on to describe the process necessary to complete the appraisal.

8.     After several attempts to communicate with the Defendant's adjustor, Plaintiff (through his public adjustor), first made a demand for appraisal on 21 June 2015.

9.     Plaintiff, through his public adjustor, made a second demand for appraisal on 13 July 2015.

10.     To this day, the Defendant has neither accepted nor rejected Plaintiff's requests for appraisal. This failure to respond one way or the other constitutes a constructive refusal to engage in the appraisal process required by its own Policy provisions.

11.     By letter from counsel to the Defendant's adjustor dated 09 January 2016, Plaintiff made a final demand for payment, a third and final demand for appraisal, and notified Defendant that any litigation commenced thereafter would include demands for bad faith penalties and attorney fees, all pursuant to TCA § 56-7-105. No response to these demands was ever provided by the Defendant.

2

12. Defendant's refusal to pay the loss sustained by Plaintiff, and to engage in the appraisal process required by the Policy in connection with the Plaintiff's loss is a breach of contract that has caused, and continues to cause, the Plaintiff damage and harm.

13. Defendant's refusal to pay the loss sustained by Plaintiff, and to engage in the appraisal process required by the Policy in connection with Plaintiff's loss constitutes bad faith by Defendant, entitling the Plaintiff to punitive damages, attorney fees, and other penalties outlined in the governing statute, TCA § 56-7-105.

14. Plaintiff respectfully requests that the Court interpret the Policy, declare that the Defendant has a contractual obligation to participate in the appraisal process required by the Policy, and issue a mandatory injunction requiring the Defendant to so participate.

15. In the alternative, Plaintiff requests that the Court determine what property damage was caused by the August storm, and require the Defendant to participate in the appraisal process with respect to said property damage.

WHEREFORE PLAINTIFF PRAYS that:

a. Proper process issue and be served upon the Defendant requiring the Defendant to appear and answer within the time allowed by law;

b. Upon the final hearing in this cause, the Court declare the rights and liabilities of the parties under the Policy, find that the Defendant must participate in the appraisal process required by the Policy, and order the Defendant to so participate;

c. Upon the final hearing in this cause, the Court find that the Defendant's refusal to participate in the appraisal process constituted a bad faith breach of contract and award the Plaintiff punitive damages in an amount calculated to deter such conduct by the Defendant in the future;

3

d. Alternatively, upon the final hearing in this cause, the Court find and declare what damage to the Property was caused by the August storm, is covered by the Policy, and the value of which Plaintiff is entitled to recover from Defendant;

e. The Plaintiff be awarded his reasonable attorney fees and costs;

f. All costs of the court clerk and all discretionary costs be taxed to the Defendant;

g. The Court award Plaintiff such other, further and general relief to which the Court deems it fairly and equitably entitled.

Respectfully submitted,

LAW OFFICES OF
ROBERT W. SAUSER

By: _____
Robert W. Sauser, BPR No. 006217
300 Forest Avenue, Suite C
Chattanooga, TN 37405-3977
423.535.9387 (p)
423.468.2599 (f)
rsauser@sauserlawfirm.com
*Attorney for Plaintiff*

A TRUE COPY
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee
This 18 day of August 2016
By _____ DC&M

ENDORSED
Filed July 21 2016
ROBIN L. MILLER, Clerk & Master
By _____ DC&M

4.

# Spectrum®

## Business Owner's Policy



**THE HARTFORD**

Exhibit A

# SPECIAL PROPERTY COVERAGE FORM

**Form SS 00 07 07 05**

© 2005, The Hartford



# SPECIAL PROPERTY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties, and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we," "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to the SECTION G - PROPERTY DEFINITIONS.

## A. COVERAGE

We will pay for direct physical loss of or physical damage to Covered Property at the premises described in the Declarations (also called "scheduled premises" in this policy) caused by or resulting from a Covered Cause of Loss.

### 1. Covered Property

Covered Property as used in this policy, means the following types of property for which a Limit of Insurance is shown in the Declarations:

a. **Buildings,** meaning only building(s) and structure(s) described in the Declarations, including:

(1) Completed additions;

(2) Permanently installed:

(a) Fixtures;

(b) Machinery; and

(c) Equipment;

(3) Outdoor fixtures;

(4) Your personal property in apartments, rooms or common areas furnished by you as landlord;

(5) Building Glass, meaning glass that is part of a building or structure;

(6) Personal property owned by you that is used to maintain or service the buildings or structures on the premises, including:

(a) Fire extinguishing equipment;

(b) Outdoor furniture;

(c) Floor coverings; and

(d) Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering; and

(7) If not covered by other insurance:

(a) Additions under construction, alterations and repairs to the buildings or structures;

(b) Materials, equipment, supplies and temporary structures, on or within 1,000 feet of the "scheduled premises", used for making additions, alterations or repairs to the buildings or structures.

b. **Business Personal Property** located in or on the building(s) described in the Declarations at the "scheduled premises" or in the open (or in a vehicle) within 1,000 feet of the "scheduled premises", including:

(1) Property you own that is used in your business;

(2) Tools and equipment owned by your employees, which are used in your business operations;

(3) Property of others that is in your care, custody or control;

(4) "Tenant Improvements and Betterments"; and

(5) Leased personal property for which you have contractual responsibility to insure, unless otherwise provided for under Personal Property of Others.

### 2. Property Not Covered

Covered Property does not include:

a. Aircraft, automobiles, motor trucks and other vehicles subject to motor vehicle registration;

b. Automobiles held for sale;

c. "Money", bullion, numismatic and philatelic property and bank notes or "securities" except as provided in any Additional Coverages or Optional Coverages. Lottery tickets held for sale and postage stamps in current use and having face value are not "securities";

d. Contraband, or property in the course of illegal transportation or trade;

Case 1:17-cv-00134-JRG-SKL   Document 1-1   Filed 05/22/17   Page 13 of 28   PageID #: 19

SPECIAL PROPERTY COVERAGE FORM

**e.** Land (including land on which the property is located), water, growing crops or lawns;

**f.** Outdoor fences, radio or television antennas (including satellite dishes), including their lead in wiring, masts or towers, signs (other than signs attached to buildings), trees, shrubs or plants (other then those held for sale or sold but not delivered), except as any of these may be provided in the:

    **(1)** Outdoor Property Coverage Extension; or

    **(2)** Outdoor Signs Optional Coverage;

**g.** Watercraft (including motors, equipment and accessories) while afloat;

**h.** The cost to research, replace or restore the information on "valuable papers and records", except as may be provided in any Coverage Extensions or Optional Coverages.

**i.** "Data" and "software" which exists on electronic "media" including the cost to research, replace or restore them, except as may be provided for in any Additional Coverages or Optional Coverages.

**j.** Accounts, bills, food stamps, other evidences of debt, accounts receivable or "valuable papers and records"; except as otherwise provided for in this policy.

**3. Covered Causes of Loss**

RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

**a.** Excluded in Section **B., EXCLUSIONS;** or

**b.** Limited in Paragraph **A.4.** Limitations; that follow.

**4. Limitations**

**a.** We will not pay for direct loss of or damage to:

    **(1)** Property that is missing, where the only evidence of the direct physical loss or physical damage is a shortage disclosed on taking inventory, or other instances where there is no physical evidence to show what happened to the property. This limitation does not apply to the Additional Coverage for "Money" and "Securities".

    **(2)** Property that has been transferred to a person or to a place outside the "scheduled premises" on the basis of unauthorized instructions.

    **(3)** The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        **(a)** The building or structure first sustains physical damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

        **(b)** The direct physical loss or physical damage is caused by or results from thawing of snow, sleet, or ice on the building or structure.

**b.** Pets and animals are covered only if:

    **(1)** They are inside the building; and

    **(2)** They are owned by others and boarded by you, or owned by you and held for sale or sold but not delivered.

And then we will pay only if they are killed, stolen, or their destruction is made necessary by a "specified cause of loss".

**c.** For direct physical loss or physical damage by "theft", the following types of property are covered only up to the limits shown:

    **(1)** $2,500 for furs, fur garments and garments trimmed with fur;

    **(2)** $5,000 for jewelry, watches, watch movements, jewels, pearls, precious and semi-precious stones, bullion, gold, silver, platinum and other precious alloys or metals. This limit does not apply to jewelry and watches worth $500 or less per item;

    **(3)** $2,500 for patterns, dies, molds and forms; and

    **(4)** $500 for stamps, lottery tickets held for sale and letters of credit.

**d.** Unless specifically provided under a separate endorsement and with a specific Limit of Insurance indicated in the Declarations, we will not pay for direct physical loss of or physical damage to "perishable stock" caused by or resulting from:

    **(1)** A change in temperature or humidity resulting from:

        **(a)** Mechanical breakdown or failure of:

            **(i)** Stationary heating plants; or

            **(ii)** Refrigerating, cooling, or humidity control apparatus or equipment;

        **(b)** Artificially generated electric current, including electric arcing, that disturbs electrical devices, appliances or wires; or

        **(c)** Complete or partial failure of electric power on your "scheduled premises".

    **(2)** Contamination by refrigerant.

**2.** **(Appraisal)**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In that event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss.

If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

**3.** **Duties In The Event Of Loss Or Damage**

You must see that the following are done in the event of loss of or damage to Covered Property:

**a.** Notify the police if a law may have been broken.

**b.** Give us prompt notice of the physical loss or physical damage. Include a description of the property involved.

**c.** As soon as possible, give us description of how, when and where the physical loss or physical damage occurred.

**d.** Take all reseasonable steps to protect the Covered Property from further damage by a Covered Cause of Loss. If feasible, set the damaged property aside in the best possible order for examination. Also, keep a record of your expenses for emergency and temporary repairs, for consideration in the settlement of the claim.

This will not increase the Limits of Insurance.

**e.** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**f.** Permit us to inspect the property and records proving the loss or damage. Also permit us to take samples of damaged property for inspection, testing and analysis.

**g.** If requested, permit us to question you under oath at such times as may be reasonably required about any matter relating to this insurance or your claim, including your books and records. In such event, your answers must be signed.

**h.** Send us a signed, sworn statement of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**i.** Cooperate with us in the investigation or settlement of the claim.

**j.** Resume part or all of your "operations" as quickly as possible.

**4.** **(Legal Action Against Us)**

(No one may bring a legal action against us under this insurance unless:)

**a.** (There has been full compliance with all of the terms of this insurance; and)

**b.** (The action is brought within 2 years after the date on which the direct physical loss or physical damage occurred.)

**5.** **Loss Payment**

In the event of physical loss or physical damage covered by this policy:

**a.** At our option we will either:

**(1)** Pay the value of physically lost or physically damaged property, as described in paragraph **d.** below;

**(2)** Pay the cost of repairing or replacing the physically lost or physically damaged property, plus any reduction in value of repaired items;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality.

**b.** We will give notice of our intentions within 30 days after we receive the sworn statement of loss.

**c.** We will not pay you more than your financial interest in the Covered Property.

**d.** We will determine the value of Covered Property as follows:

**(1)** At replacement cost (without deduction for depreciation), except as provided in (2) through (7) below.

**(a)** You may make a claim for physical loss or physical damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have physical loss or physical damage settled on an actual cash value basis, you may still make a claim on a

77
81
NB
SBA

This **Spectrum Policy** consists of the Declarations, Coverage Forms, Common Policy Conditions and any other Forms and Endorsements issued to be a part of the Policy. This insurance is provided by the stock insurance company of The Hartford Insurance Group shown below.

**INSURER:**   HARTFORD CASUALTY INSURANCE COMPANY
ONE HARTFORD PLAZA, HARTFORD, CT 06155
**COMPANY CODE: 3**

**Policy Number:**   01 SBA NB8177   DW

**THE HARTFORD**

# SPECTRUM POLICY DECLARATIONS

**Named Insured and Mailing Address:**
(No., Street, Town, State, Zip Code)

PAUL S DEL CARMEN DBA
ASIAN GIFT OF CHATTANOOGA
406 TANAGER CIRCLE
CHATTANOOGA     TN  37412

**Policy Period:**         **From**   02/21/15   **To**   02/21/16   1   YEAR
12:01 a.m., Standard time at your mailing address shown above. **Exception:** 12 noon in New Hampshire.

**Name of Agent/Broker:** POTTER ENTERPRISES OF WNY INC/PHS
**Code:**   214743

**Previous Policy Number:**  01 SBA NB8177

**Named Insured is:** INDIVIDUAL

**Audit Period:** NON-AUDITABLE

**Type of Property Coverage:** SPECIAL

**Insurance Provided:** In return for the payment of the premium and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy.

**TOTAL ANNUAL PREMIUM IS:**          $6,040

Countersigned by  *Susan L. Castañeda*
**Authorized Representative**

12/09/14
**Date**

**Form SS 00 02 12 06**
**Process Date:** 12/09/14

**Page** 001 (CONTINUED ON NEXT PAGE)
**Policy Expiration Date:** 02/21/16

Exhibit B

**SPECTRUM POLICY DECLARATIONS (Continued)**
POLICY NUMBER: 01 SBA NB8177

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by
Number below.

**Location:** 001     **Building:** 001

3639A HIXSON PIKE
CHATTANOOGA        TN  37415

**Description of Business:**
GIFT SHOP

**Deductible:** $   500 PER OCCURRENCE

**BUILDING AND BUSINESS PERSONAL PROPERTY  LIMITS OF INSURANCE**

   **BUILDING**

     REPLACEMENT  COST                    $    328,200

     **BUSINESS PERSONAL PROPERTY**

     **REPLACEMENT COST**                 $   109,200

     **PERSONAL PROPERTY OF OTHERS**

      **REPLACEMENT COST**              NO COVERAGE

     MONEY AND SECURITIES

      INSIDE THE PREMISES               $   10,000
      OUTSIDE THE PREMISES              $    5,000

     LOSS PAYEE:  'A' APPLIES
     MORTGAGE HOLDER:  'A' APPLIES

## SPECTRUM POLICY DECLARATIONS (Continued)
**POLICY NUMBER:** 01 SBA NB8177

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 001    **Building:** 001

### PROPERTY OPTIONAL COVERAGES APPLICABLE   LIMITS OF INSURANCE
      TO THIS LOCATION

SUPER STRETCH
FORM: SS 04 74
THIS FORM INCLUDES MANY ADDITIONAL
COVERAGES AND EXTENSIONS OF
COVERAGES. A SUMMARY OF THE
COVERAGE LIMITS IS ATTACHED.

LIMITED FUNGI, BACTERIA OR VIRUS        $   50,000
COVERAGE:
FORM SS 40 93
THIS IS THE MAXIMUM AMOUNT OF
INSURANCE FOR THIS COVERAGE,
SUBJECT TO ALL PROPERTY LIMITS
FOUND ELSEWHERE ON THIS
DECLARATION.
INCLUDING BUSINESS INCOME AND EXTRA
EXPENSE COVERAGE FOR:        30 DAYS

Case 1:17-cv-00134-JRG-SKL   Document 1-1   Filed 05/22/17   Page 18 of 28   PageID #: 24

**SPECTRUM POLICY DECLARATIONS (Continued)**
POLICY NUMBER: 01 SBA NB8177

**PROPERTY OPTIONAL COVERAGES APPLICABLE  LIMITS OF INSURANCE**
     **TO ALL LOCATIONS**

BUSINESS INCOME AND EXTRA EXPENSE
COVERAGE                                    12 MONTHS ACTUAL LOSS SUSTAINED
COVERAGE INCLUDES THE FOLLOWING
COVERAGE EXTENSIONS:

ACTION OF CIVIL AUTHORITY:                  30 DAYS
EXTENDED BUSINESS INCOME:                   30 CONSECUTIVE DAYS

EQUIPMENT BREAKDOWN COVERAGE
  COVERAGE FOR DIRECT PHYSICAL LOSS
  DUE TO:
    MECHANICAL BREAKDOWN,
    ARTIFICIALLY GENERATED CURRENT
    AND STEAM EXPLOSION

THIS ADDITIONAL COVERAGE INCLUDES
THE FOLLOWING EXTENSIONS
  HAZARDOUS SUBSTANCES                      $  50,000
  EXPEDITING EXPENSES                       $  50,000

MECHANICAL BREAKDOWN COVERAGE ONLY
APPLIES WHEN BUILDING OR BUSINESS
PERSONAL PROPERTY IS SELECTED ON
THE POLICY

IDENTITY RECOVERY COVERAGE                  $  15,000
FORM SS 41 12

**SPECTRUM POLICY DECLARATIONS (Continued)**
POLICY NUMBER: 01 SBA NB8177

| BUSINESS LIABILITY | LIMITS OF INSURANCE |
|---|---|
| LIABILITY AND MEDICAL EXPENSES | $1,000,000 |
| MEDICAL EXPENSES - ANY ONE PERSON | $ 10,000 |
| PERSONAL AND ADVERTISING INJURY | $1,000,000 |
| DAMAGES TO PREMISES RENTED TO YOU ANY ONE PREMISES | $ 300,000 |
| AGGREGATE LIMITS PRODUCTS-COMPLETED OPERATIONS | $2,000,000 |
| GENERAL AGGREGATE | $2,000,000 |

EMPLOYMENT PRACTICES LIABILITY
COVERAGE: FORM SS 09 01

| EACH CLAIM LIMIT | $ 5,000 |
|---|---|
| DEDUCTIBLE - EACH CLAIM LIMIT NOT APPLICABLE | |
| AGGREGATE LIMIT | $ 5,000 |

RETROACTIVE DATE: 02212001

This **Employment Practices Liability Coverage** contains claims made coverage. Except as may be otherwise provided herein, specified coverages of this insurance are limited generally to liability for injuries for which claims are first made against the insured while the insurance is in force. Please read and review the insurance carefully and discuss the coverage with your Hartford Agent or Broker.

The Limits of Insurance stated in this Declarations will be reduced, and may be completely exhausted, by the payment of "defense expense" and, in such event, The Company will not be obligated to pay any further "defense expense" or sums which the insured is or may become legally obligated to pay as "damages".

Case 1:17-cv-00134-JRG-SKL   Document 1-1   Filed 05/22/17   Page 20 of 28   PageID #: 26

**SPECTRUM POLICY DECLARATIONS (Continued)**
POLICY NUMBER: 01 SBA NB8177

MORTGAGE HOLDER 'A':           SUNTRUST BANK, ISAOA
                                        C/O INSURANCE DEPARTMENT
                                        PO BOX 200019
                                        KENNESAW, GA. 30156

LOSS PAYEE 'A':                  SUNTRUST BANK, ISAOA
                                         C/O INSURANCE DEPARTMENT
                                        PO BOX 200019
                                        KENNESAW, GA. 30156
         LOAN NUMBER:              0010858449 18
            PROPERTY:                BUSINESS PERSONAL PROPERTY

**Form Numbers of Forms and Endorsements that apply:**

| | | | |
|---|---|---|---|
| SS 00 01 03 14 | SS 00 05 12 06 | SS 00 07 07 05 | SS 00 08 04 05 |
| SS 84 15 09 07 | SS 01 45 03 97 | SS 04 19 07 05 | SS 04 22 07 05 |
| SS 04 30 07 05 | SS 04 39 07 05 | SS 04 41 04 09 | SS 04 42 09 07 |
| SS 04 44 07 05 | SS 04 45 07 05 | SS 04 46 09 14 | SS 04 47 04 09 |
| SS 04 74 09 07 | SS 04 78 07 05 | SS 04 80 03 00 | SS 04 86 03 00 |
| SS 40 18 07 05 | SS 40 93 07 05 | SS 41 12 12 07 | SS 41 51 10 09 |
| SS 41 62 06 11 | SS 41 63 06 11 | IH 10 01 09 86 | SS 05 47 09 01 |
| SS 09 01 12 14 | SS 09 67 09 14 | SS 09 70 12 14 | SS 09 71 12 14 |
| SS 12 12 03 92 | SS 50 19 03 12 | IH 99 40 04 09 | IH 99 41 04 09 |
| SS 38 25 12 07 | SS 83 76 03 12 | | |

Case 1:17-cv-00134-JRG-SKL   Document 1-1   Filed 05/22/17   Page 21 of 28   PageID #: 27




## AMERICANS WITH DISABILITIES ACT NOTICE
42 U.S.C. 12131, et seq., T.C.A. § 16-3-803, Tennessee Supreme Court Rule 45

The AMERICANS WITH DISABILITIES ACT (ADA) prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the ADA, the Tennessee Judicial Branch will provide reasonable modifications, if necessary, in order for any qualified individual with a disability to access all of its programs, services and activities.

**If you require a modification to access the judicial program or have special needs because of a qualified disability, you must** submit a written REQUEST FOR MODIFICATION to the Local Judicial Program ADA Coordinator listed below at least **five business days prior** to the date for which the modification is sought.

For ADA information or assistance <u>ONLY</u>, contact:

**Local Judicial Program ADA Coordinator**
**Vince Dean, Criminal Court Clerk**
**102 Courts Building**
**600 Market Street**
**Chattanooga, TN 37402**
**(423) 209-7500**
<u>**VinceD@HamiltonTN.gov**</u>

THE TENNESSEE JUDICIAL BRANCH AMERICANS WITH DISABILITIES ACT POLICY REGARDING ACCESS TO JUDICIAL PROGRAMS, as well as REQUEST FOR MODIFICATION form may be found online at: www.tncourts.gov

# IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| **ASIAN FOOD & GIFTS OF CHATTANOOGA, INC.,** | |
| **Plaintiff,** | **Docket No. 16-0495** |
| **v.** | |
| **HARTFORD CASUALTY INSURANCE COMPANY,** | |
| **Defendant.** | |

## HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER

Defendant Hartford Casualty Insurance Company ("Defendant"), by and through its undersigned counsel, submits this Answer and Affirmative Defenses to Plaintiff's Complaint. Unless expressly admitted herein, Defendant denies the material allegations of the Complaint and demands strict proof thereof. Defendant responds to the individually numbered allegations of the Complaint as follows.

1.    Upon information and belief, admitted.

2.    Defendant admits that it is an Indiana corporation with its principal place of business in Connecticut. Defendant admits that it is authorized to issue property insurance policies in the State of Tennessee. Plaintiff's allegation regarding the proper agent(s) for service on Defendant is a legal conclusion to which no response is required. Defendant denies the remaining allegations of paragraph 2.

3.    Defendant admits that it issued policy number 01-SBA-NB8177 with a named insured of Paul S Del Carmen DBA Asian Gift of Chattanooga. Defendant denies Plaintiff's characterization of the Policy, denies that a true and accurate copy of the Policy is attached to the

Complaint, and further denies Plaintiff's characterization of its material provisions. Defendant states that the Policy as a whole speaks for itself. Defendant denies the remaining allegations of paragraph 3.

4.     Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 4 and therefore denies them.

5.     Defendant admits that a claim was made on the Policy in January 2015. Defendant denies the remaining allegations of paragraph 5.

6.     Defendant admits that it has paid over $11,000 for Plaintiff's loss. Defendant denies Plaintiff's characterization of its claim position and denies the remaining allegations of paragraph 6.

7.     Defendant denies Plaintiff's characterization of the Policy and states that the policy as a whole speaks for itself. Denied as to the remaining allegations of paragraph 7.

8.     Denied.

9.     Denied.

10.     Denied.

11.     Defendant admits that Plaintiff's counsel sent a letter to Ms. Michele Odean dated January 9, 2016. Defendant denies Plaintiff's characterization of that letter and states that it speaks for itself. Denied as to the remaining allegations of paragraph 11.

12.     Denied.

13.     Denied.

14.     Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 14 or in the wherefore clause of its complaint.

15.    Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 15 or in the wherefore clause of its complaint.

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

### First Defense

Plaintiff's claims are subject to and barred by the terms and conditions of the Policy.

### Second Defense

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### Third Defense

Defendant denies that Plaintiff fulfilled the conditions precedent under the Policy.

### Fourth Defense

Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel.

### Fifth Defense

The Complaint fails to allege an actual or justiciable controversy between the parties and Plaintiff lacks standing to bring its claims.

### Sixth Defense

Defendant acted appropriately, lawfully and in good faith compliance with the Policy and Tennessee law at all times.

### Seventh Defense

Defendant avers that Plaintiff is not entitled to the damages claimed. *See* Tenn. Code Ann. § 56-7-105.

### Eighth Defense

Defendant avers that Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate damages.

### Ninth Defense

Defendant denies that it has engaged in any inappropriate conduct as pled by the Plaintiff which would entitle Plaintiff to an award of damages of any kind or character as pled.

### Tenth Defense

Plaintiff's claims against Defendant fail because a legitimate or arguable reason to deny additional payment existed, and Defendant did not act with malice, gross negligence or reckless disregard.

### Eleventh Defense

Defendant avers that Plaintiff's alleged damages were the result of the conduct of third-parties for whom Defendant is not responsible.

### Twelfth Defense

Defendant avers that Plaintiff has not satisfied all elements of Tenn. Code Ann. § 56-7-105 necessary to maintain a claim for bad faith.

### Thirteenth Defense

Defendant pleads comparative fault as an affirmative defense and avers that Plaintiff is at fault for the damages claimed in the Complaint.

### Fourteenth Defense

Defendant denies that Plaintiff is entitled to recover punitive damages from it and further denies that it engaged in any conduct that would warrant the imposition of punitive damages.

### Fifteenth Defense

Defendant avers that Plaintiff's claim for punitive damages violate Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the parallel provisions of the Tennessee Constitution and are also a violation of the protection

against excess funds and substantive due process provided in the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the parallel provisions of the Tennessee Constitution. Defendant further asserts that any award of punitive damages is violative of the procedural safeguards provided to the defendant under the Sixth Amendment of the United States Constitution and that the punitive damages are penal in nature and consequently Defendant is entitled to at least the same safeguards as those afforded other defendants in actions where penal remedies are being sought.

### Sixteenth Defense

Defendant avers that Plaintiff has not complied with all duties imposed on it under the Policy in the event of a loss.

### Seventeenth Defense

Defendant avers that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Eighteenth Defense

Defendant raises each and every affirmative defense required to be pled by applicable rules of civil procedure, including those set forth in Tenn. R. Civ. P. 8.03, should said defenses become applicable as this action proceeds.

### Nineteenth Defense

Defendant reserves the right to assert other defenses and claims when and if they become appropriate during this civil action.

Respectfully submitted this the 21 day of September, 2016,

William B. Wahlheim, Jr.
TN Bar # 31582

*Attorney for Defendant Hartford Casualty Insurance Company*

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999
wwahlheim@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record to this proceeding via U.S. Mail and/or electronic mail this 21 ST day of September, 2016:

Robert W. Sauser
Law Offices of Robert W. Sauser
300 Forest Avenue, Suite C
Chattanooga, TN 37405-3977
423.535.9387

OF COUNSEL